IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

QINGLANG REN,

    Petitioner,

    v.                                                  Case No. 2:26-cv-00046 KWR-JMR

KRISTI NOEM, *Secretary of the U.S. Department*
*of Homeland Security,*
JOEL GARCIA, *Field Office Director of the El Paso Field Office,*
PAMELA BONDI, *Attorney General of the United States*,
TODD LYONS, *acting Director of Immigration and Customs Enforcement,* and
DORA CASTRO, *Warden of Otero County Processing Center,*

    Respondents.

## SECOND ORDER TO ANSWER

THIS MATTER comes before the Court *sua sponte*. On January 12, 2026 the Court ordered Respondents to answer the Petition and directed Petitioner to serve the Petition and the Order to Answer on Respondents. Doc. 3. Respondent Dora Castro answered the Petition by filing a summary joinder to a hypothetical response by the Federal Respondents. Doc. 6. Although it appears the Federal Respondents have received notice of the Petition and Order to Answer, they have not filed an answer or response. It is unclear whether the Civil Process Clerk at the United States Attorney's Office was served by certified or registered mail. *See* Doc. 8.

Having reviewed the Petition, the Court (1) orders the Clerk's Office to serve the Petition and this Order on the Respondents pursuant to the Standing Order filed January 28, 2026. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026) and (2) orders the Federal Respondents to answer the Petition within **ten (10) business days** of **entry** of this Order.

Petitioner filed this habeas petition under § 2241 challenging his detention by the United States Immigration and Customs Enforcement. The Court may apply the § 2254 habeas rules to this § 2241 petition. *See* § 2254 Habeas Rules, Rule 1(b) ("The district court **may apply any or all** of these rules to a habeas corpus petition not covered by Rule 1(a)") (emphasis added). Moreover, the Court may apply the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas rules. § 2254 Habeas Rules, Rule 12.

Generally, Respondents need not answer a habeas petition until the Court has ordered an answer. § 2254 Habeas Rules, Rule 4. Habeas Rule 4 grants a district judge discretion to set a time for Respondents to answer or otherwise respond to the habeas petition. *Id.* ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

Having reviewed the Petition, the Court concludes that the claims must be resolved on a full record, including an answer from the Federal Respondents. Therefore, the Court directs the Clerk's office to serve copies of this Order and the Petition on the appropriate Respondents. Moreover, Respondents shall answer the Petition within **ten (10) business days** of the **entry** of this Order. *See* § 2254 Habeas Rules, Rule 4 (granting court discretion to fix a time to file an answer). The answer must address the merits of the Petition and attach all relevant evidence the Respondents wish the Court to consider. Petitioner shall file a reply within **fourteen (14) days** of the filing of the answer. Of course, Petitioner may expedite consideration of his Petition by filing a reply before the deadline.

**IT IS THEREFORE ORDERED** that the Clerk's Office shall serve this Order and the Petition on the Respondents in accordance with the Standing Order filed January 28, 2026. *See*

Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026), Doc. 3.

    **IT IS FURTHER ORDERED** that the Federal Respondents shall answer the Petition and within **ten (10) business days** of the **entry** of this Order. The answer must address the merits of the Petition and attach all relevant evidence or documents Respondents wish the Court to consider. If Respondents file a motion to dismiss, they are warned that the Court *will* construe it as an answer to the Petition, and grant or deny habeas relief without ordering a further answer. **If Respondents fail to timely answer, the Court may proceed to rule on the Petition without further notice.**

    **IT IS FURTHER ORDERED** that Petitioner shall file a reply brief within **fourteen (14) days** of the filing of the answer. The Court will interpret any motion to dismiss as an answer, and the Petition will be considered fully briefed upon the filing of Petitioner's reply, unless supplemental briefing is ordered by the Court.

    **IT IS FINALLY ORDERED** that the parties must **immediately** alert the Court if any changes to Petitioner's detention or his immigration proceedings would affect the outcome of this habeas case.

                                              _____/S/_____
                                              KEA W. RIGGS
                                              UNITED STATES DISTRICT JUDGE